IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROBIN SEALE AND LAWRENCE "JR" SEALE**  PLAINTIFFS

v.  CIVIL ACTION NO. 3:19cv213-NBB-RP

**MISSISSIPPI DEPARTMENT OF
TRANSPORTATION, et al.**  DEFENDANTS

## ORDER GRANTING MOTION TO STRIKE

This matter is before the court on the defendant Ashley Furniture Industries LLC f/k/a Ashley Furniture Industries, Inc.'s motion to strike its co-defendant S&S Excavation, LLC's designation of Jill S. Butler as an expert witness. Docket 91. Challenging the timeliness and sufficiency of S&S's designation, Ashley asks the court to strike the designation and exclude any testimony by Butler at trial. S&S opposes the motion and asks that it be allowed to cure any deficiencies in the designation. The court finds the motion is well taken and should be granted.

The plaintiffs brought this action seeking recovery for damages resulting from water drainage onto their property allegedly caused by the defendants. Ashley asserts, among other defenses, that any such damages were caused by someone other than Ashley. Likewise, S&S asserts that any such damages were caused by someone other than S&S. The defendants' deadline to designate any expert witnesses was April 30, 2021. On that date, S&S served on Ashley a "Designation of Expert Witness" identifying Jill S. Butler as a specially retained expert witness; reciting her purported qualifications and including a resume; and reciting a brief summary of facts and opinions to which she is expected to testify. The designation included no written report prepared and signed by Butler and containing the information required by Federal Rule of Civil Procedure 26(a)(2)(B). S&S made no request for an extension of its expert

designation deadline. Nonetheless, some two months later, on June 29, 2021, S&S provided Ashley with a written report purportedly prepared by Butler stating additional facts and opinions not contained in the previous disclosure and reciting certain data she purportedly considered in forming her opinions. The report was not signed by Butler, nor did it contain all the required information, such as a list of her publications authored in the previous 10 years, a list of all other cases in which she has testified as an expert during the previous 4 years, and a statement of the compensation to be paid for her services. Ashley pointed out these deficiencies in support of its motion to strike filed on July 20, 2021, and as of the filing of Ashley's reply brief on August 10, 2021, S&S still had not provided the required report.

Federal Rule of Civil Procedure 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." Specifically with respect to expert witnesses, the court's local rule provides, "A party must make full and complete disclosure as required by Fed.R.Civ.P. 26(a)(2) … no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2). "An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court." L.U.Civ.R. 26(a)(2)(B). Clearly, S&S failed to make full and complete disclosure regarding its specially retained expert by the deadline specified in the case management order. Even S&S's belated attempt was inadequate, and it has remained so even after the deficiencies were called to S&S's attention in connection with the instant motion. The court's rules plainly provide that S&S's expert

designation may be stricken.

In exercising its discretion whether to exclude a witness who was not properly designated, the court considers four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990).

As to the first factor, S&S's explanation for its failure to timely designate its expert witness is lacking. S&S states that Butler was unable to conduct the site visit necessary to form her opinions until April 21, 2021 and was therefore unable to complete her report by the April 30, 2021 deadline. However, the case management order establishing the scheduling deadlines in this case has been in place since June 1, 2020, and the defendants' expert designation deadline has since been extended twice. S&S requested no further extension of its deadline, instead providing a report purportedly prepared by Butler some two months afterwards, and even then the report was incomplete. S&S offers no explanation either for its failure to request an extension or for the remaining deficiencies in its expert disclosure. In fact, S&S does not even acknowledge the remaining deficiencies and apparently has made no attempt to correct them. The first factor weighs heavily in favor of exclusion of the witness, which "is particularly appropriate" where the party has "failed to provide an adequate explanation for their failure to identify their expert within the designated timetable." *Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007) (quoting *1488, Inc. v. Philisec Inv. Corp.,* 939 F.2d 1281, 1289 (5th Cir. 1991)).

As to the importance of its expert witness, despite recognizing this as a factor to be

considered, S&S offers no argument on this point. This factor weighs in favor of exclusion of the witness.

As to the potential prejudice in allowing S&S's expert to testify, the prejudice is evident. S&S's deadline to designate its expert witness passed almost four months ago, and still it has failed to properly designate an expert witness. S&S argues its delay is harmless and will result in no prejudice to Ashley because there remains sufficient time before the November 1, 2021 discovery deadline to allow Ashley to conduct expert discovery. However, this argument is merely speculative as S&S's expert disclosure remains insufficient almost four months after its designation deadline. As noted above, S&S does not even acknowledge the deficiencies, let alone does it make a representation as to when they will be cured.

Moreover, Ashley and S&S had the same expert designation deadline. When it became apparent to S&S that it would not meet the deadline, rather than request an extension that, if granted, likely would have been afforded to Ashley as well, S&S allowed Ashley to comply with the deadline while S&S did not, giving S&S the unfair advantage of having the benefit of Ashley's experts' opinions before disclosing its own. No amount of time remaining in the discovery period can cure this prejudice. Further, there can be no question that S&S's delay, if permitted, would disrupt the court's discovery schedule, would result in additional expense to Ashley, and would disrupt Ashley's preparation of its case. Such prejudices have been recognized by the Fifth Circuit. *See Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 381 (5th Cir. 1996); *Geiserman,* 893 F.2d at 791. Although Ashley "might not suffer the degree of unfair surprise associated with the last-second designation of an unscheduled witness, the trial court has latitude to control discovery abuses and cure prejudice by excluding improperly designated

evidence." *Geiserman,* 893 F.2d at 791 (internal citation omitted).

Finally, as to the availability of a continuance to cure the prejudice, and to the extent the prejudices could even be cured given their nature, it is unclear how much additional time would be needed given S&S's ongoing delay in making its required expert disclosures. In any event, "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id.*

After careful consideration of the relevant factors, the court concludes that Ashley's Motion to Strike should be and is hereby GRANTED. S&S's designation of Jill S. Butler as an expert witness is stricken, and her testimony will be excluded at trial.

SO ORDERED, this the 20th day of August, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE